UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMY EDWARD JACKSON,

                Plaintiff,

v.                                            Case No. 19-cv-1235-pp

PAWEL KURKOWSKI,
and DEPARTMENT OF CORRECTIONS,

                Defendants.

---

**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PAY INITIAL PARTIAL FILING FEE**

---

The plaintiff, a prisoner who is representing himself, filed the complaint, dkt. no. 1, along with a motion asking the court to allow him to proceed without prepaying the filing fee, dkt. no. 2. On October 15, 2019, the court ordered the plaintiff to pay $3.19 to the Clerk of Court by November 5, 2019 as an initial partial filing fee. Dkt. No. 7. On October 24, 2019, the court received a letter from the plaintiff, asking about the status of the case, stating that he doesn't receive funds from the state and stating that he sent a waiver form asking to be able to pay later. Dkt. No. 10. The next day, in response to the plaintiff's request for the status of the case, court staff mailed the plaintiff a copy of the docket sheet.

The plaintiff filed this lawsuit on August 26, 2019. Dkt. No. 1. He submitted a trust account statement for the period from April 1, 2019 through October 22, 2019. Dkt. No. 9. Under the Prison Litigation Reform Act ("PLRA"), inmates asking to proceed without prepaying the filing fee must file a certified trust account statement for the six-month period preceding the month in which they file their lawsuit. 28 U.S.C. §1915(a)(2). This allows the court to calculate

1

an initial partial filing fee, which the law requires prisoner plaintiffs to pay as a condition of proceeding without prepaying the entire filing fee. 28 U.S.C. §1915(b). The six months preceding the month in which the plaintiff filed this lawsuit would have covered February 1, 2019 through July 31, 2019. The court checked the Department of Corrections' Inmate Locator web site, however, and learned that the plaintiff was transferred to his current facility on April 4, 2019, so it appears that his trust account statement covers the time he was at his facility prior to filing the lawsuit. The court used that trust account statement to assess the $3.19 filing fee.

The court understands that the plaintiff wrote to the court, saying that he does not receive money from the state, and that he asked to pay the filing fee later. But the PLRA requires that before a court can decide whether to allow an incarcerated plaintiff to pay the filing fee over time, that prisoner first may pay an *initial partial* filing fee, based on the amount of money he has in his trust account during the six months prior to when he filed his complaint.

Part of the plaintiff's money problem is the result of the fact that he has filed four cases in this district in the past three and a half months. He filed this one on August 26, 2019. On October 7, 2019, he filed <u>Jackson v. Chippewa Valley Correctional Treatment Center, *et al.*</u>, Case No. 19-cv-1466; the court assessed him the same $3.19 initial partial filing fee in that case, and he paid $2.39 of it on October 28, 2019. Along with the $2.39, the plaintiff sent a letter, saying that he had sent all the funds in his account but that he wanted all of his cases to continue and to be allowed to pay over time. Case No. 19-cv-1466 at Dkt. No. 9. The court recently issued an order accepting the $2.39 partial payment, but dismissing that case because the court doesn't have jurisdiction to hear it. <u>Id.</u> at Dkt. No. 10. On October 11, 2019, the plaintiff filed <u>Jackson v.

2

Robert E. Ellsworth Correctional Center, *et al.*, Case No. 19-cv-1497. The court assessed him a $3.19 initial partial filing fee in that case. Finally, on October 12, 2019, the plaintiff filed Jackson v. Atkinson, *et al.*, Case No. 19-cv-1668. In that case, the plaintiff filed a trust account statement covering the period May 6, 2019 through November 5, 2019, id. at dkt. no. 3; the court assessed him a $2.60 initial partial filing fee, id. at dkt. no. 4, even though he had not provided trust account information for the entire six-month period prior to the month in which he filed the lawsuit (April 1, 2019 through September 30, 2019).

The PLRA requires an inmate to pay the initial partial filing fee for *each case* he files; "[i]t is undisputed that the initial partial filing fee is to be assessed on a per-case basis, *i.e.*, each time the prisoner files a lawsuit." Bruce v. Samuels, ___ U.S. ___, 136 S. Ct. 627, 629 (2016). By filing four lawsuits in just over two months, the plaintiff made himself subject to a total initial partial filing fee of $12.17.

The trust account statement the plaintiff filed in this case—covering April 2, 2019 through October 2, 2019—showed a starting balance of $2.02 and an ending balance of $2.39. Dkt. No. 6. He appears to have had job income here and there, although he also has many withdrawals for child support, DNA surcharges and deposits into his release account. He made occasional canteen purchases.

Before dismissing the case for failure to pay the initial fee, the court must determine whether the plaintiff is at fault for the non-payment. See Thomas v. Butts, 745 F.3d 309, 312-13 (7th Cir. 2014). A court may not dismiss the case of a prisoner who lacks funds in his account. Id. at 312; see also 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no

means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." Thomas, 745 F.3d at 312 (citations and internal quotation omitted).

The plaintiff's trust account statement does not show that the intentionally depleted his account prior to filing this case—he made only three small canteen purchases in the month of July 2019, and incurred two small copying fees. It appears, however, that the plaintiff might have sufficient funds in his *release* account to pay the $3.19 initial partial filing fee, because the institution has been taking money out of the trust account and depositing it into the release account on a regular basis. The court will give the plaintiff the opportunity to either pay the $3.19 initial partial filing fee, ask for authorization to pay it out of his release account (if the plaintiff has enough in that account), or explain to the court why he cannot pay the $3.19 and ask the court to allow him to proceed without paying any of the initial partial filing fee. The plaintiff must do one of these three things—pay the $3.19, ask for permission to pay it from his release account or ask the court to waive the initial partial filing fee—by the deadline the court sets below. If the plaintiff doesn't do one of those things by the deadline, the court will dismiss this case for the plaintiff's failure to diligently pursue it.

The court **ORDERS** that, in time for the court to receive it by the end of the day on **January 3, 2020**, the plaintiff must either (a) pay the $3.19 initial partial filing fee, (b) file a written request for authorization to pay the $3.19 initial partial filing fee from his release account, or (c) explain to the court in writing why he can't pay the $3.19 initial partial filing fee from either his trust

4

account or his release account. The plaintiff must do one of these three things in time for the court to receive it by the end of the day on January 3, 2020.

If the court does not receive the $3.19 initial partial filing fee, the plaintiff's request to pay the fee out of his release account or the plaintiff's written explanation by the end of the day on January 3, 2020, the court will dismiss the plaintiff's case for failure to diligently pursue it. Civ. L.R. 41(c) (E.D. Wis.).

The court will mail a copy of this order to the warden of the Chippewa Valley Correctional Treatment Facility.

Dated at Milwaukee, Wisconsin this 3rd day of December, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**